Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff: JAMES RUTHERFORD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, <br><br> Plaintiff, <br><br> v. <br><br> INA BUSINESS MANAGEMENT, INC., a California corporation; LI HOME MANAGEMENT GROUP LLC, a California limited liability company; and DOES 1-10, inclusive, <br><br> Defendants. | **Case No**. 5:19-cv-01406-PA-KK <br><br> **PLAINTIFF'S CASE STATEMENT** |

Pursuant to this Court's "ADA Disability Access Litigation Order Staying Action and Requiring Early Mediation," entered September 16, 2019, Plaintiff submits his ADA Mediation Statement.

## A.  INTRODUCTION

Plaintiff is an adult California resident who is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting, twisting, turning, and grasping objects.  As a result of these disabilities, Plaintiff relies upon mobility devices, including at times a wheelchair, to ambulate.  With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.  At the time of Plaintiff's visits to Defendants' facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph.  Plaintiff is also the holder of a Disabled Person Parking Placard.

Plaintiff personally visited Defendants' facility on or around November 24, 2018 and June 15, 2019 but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendants' facility located at 1488 E. Highland Ave., San Bernardino, CA 92404 (the "Property").

B.     **ITEMIZED LIST AND NARRATIIVE**

The specific conditions that form the basis of the lawsuit include the following:

- The curb ramp providing access to the main entrance projects into the parking space access aisle in violation of Section 406.5 (curb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles);
- The slope of the curb ramp flares at the curb ramp connecting the accessible parking spaces to the accessible route exceed 29% in violation of Section 406.3 which requires that the slope does not exceed 10%;
- Parking spaces and access aisles serving them shall comply with section 302 (access aisles shall be at the same level as the parking spaces they serve, and changes in level are not permitted);
- There is no accessible route connecting the parking to the main entrance or elements within the facility as required by Section 206.2.2 which requires that at least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site.

C.     **AMOUNT OF DAMAGES**

On August 27, 2019, the Court entered an order decling to exercise supplemental jurisdiction over Plaintiff's Unruh Civil Rights Act claims (Dkt. 14). Consequently, Plaintiff will file a separate action in state court to pursue those claims.

### D. AMOUNT OF ATTORNEY'S FEES AND COSTS

Plaintiff claims $4,500 in attorney's fees and costs. This includes attorney's fees and costs incurred up to and including the mediation, drafting a settlement agreement to accomplish ADA compliance by Defendants and to monitor and assist with same prospectively.

### E. DEMAND FOR SETTLEMENT OF CASE

Plaintiff has standing to seek injunctive relief for all barriers contained on Defendants' Property, because "[a]n ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." *Doran v. 7–Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008). Because Plaintiff has encountered multiple barriers described in the itemized list of Part B to this Case Statement, Plaintiff has standing to seek and obtain injunctive relief requiring Defendants to remove all access barriers contained on the Property.

Dated: September 30, 2019          **MANNING LAW, APC**

                                    By: /s/ Joseph R. Manning Jr., Esq.
                                        Joseph R. Manning Jr., Esq.
                                        Attorneys for Plaintiff